collision occurred on the westerly side of State street. The Appellate Division held that it was error for the trial court in response to a request to charge "that if the jury find that both the plaintiffs and defendant were an equal distance from the center of Eldredge and State streets, both approaching at the same rate of speed, the plaintiffs would be entitled to proceed across that intersection first," to charge that "the same rule applies to both parties, that under the circumstances they were both bound to use the same degree of care and caution that a reasonably prudent man would have used under such circumstances."

*Arthur J. Ruland* and *Charles H. Burnett* for appellant. *Clarence L. Chamberlain* for respondents.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRIEDA DAVIDSON, Respondent, *v.* MOSES SHINDLER, Appellant.

SOLLY DAVIDSON, Respondent, *v.* MOSES SHINDLER, Appellant.

*Negligence — motor vehicles — guests of owner of automobile injured through car starting down hill when left for few minutes by driver.*

*Davidson* v. *Schindler*, 208 App. Div. 801 (2 cases), affirmed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL, in the first above-entitled action, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1924, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Appeal, in the second above-entitled action, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 14, 1924, affirming

a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The defendant was the proprietor of a summer boarding house known as the Wayside Inn, located between Hurleyville and Loch Sheldrake, in the county of Sullivan. Plaintiffs selected a room in this hotel and the proprietor of the hotel or his servants or agents engaged to take plaintiffs to get their baggage. The hotel was situated on a hill. The automobile which was to take the plaintiffs stopped at the side of the hotel facing downhill. The driver of the car was the defendant's bookkeeper. Plaintiffs got into the car, which was a Ford runabout, and the driver drove a few feet when he was called to the office by a departing guest. He stopped the car and directed plaintiffs to remain while he went into the office, and while plaintiffs were sitting in the car it started down the incline and hit a telephone pole and plaintiffs sustained the injuries complained of.

*Ellsworth Baker* for appellant.

*Gilbert D. Steiner* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

RUSSEL S. JOHNSON, Appellant, *v.* JAMES H. WHALEY et al., Respondents.

*Appeal — unanimous affirmance — failure to obtain leave to appeal to Court of Appeals — appeal dismissed where no constitutional question directly involved.*

*Johnson* v. *Whaley*, 196 App. Div. 923, appeal dismissed.

(Argued October 21, 1924; decided November 25, 1924.)

APPEAL from two judgments of the Appellate Division of the Supreme Court in the fourth judicial department, entered respectively June 22 and 25, 1921, unanimously affirming judgments in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term.